*Twenty-first Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

---

## JACOB SCHEAFER *v.* ANDREW SMITH.

A certiorari must be applied for within a reasonable time. Laches of the defendant will deprive him of the benefit of any exception to the proceedings had before a justice of the peace.

**Certiorari.**

Opinion of the court delivered February 9, 1874, by

GREEN, J. Had the writ of certiorari in the above case issued in time, so as not to show very great *laches* on the part of the defendant, then we think that some of the exceptions which he has filed would have availed him, and that it would be our duty to reverse the proceedings. But the neglect of the defendant to take out this certiorari or the one previously issued, until long after the judgment was rendered, is fatal to his case.

The judgment was rendered on the 10th of February, 1872, the defendant not appearing. The evidence clearly shows that he was informed of the fact upon the same day by the plaintiff. On the 28th he appealed from the judgment, entered bail, and took out a transcript. This transcript he neglected to have filed to the next term (March) of the common pleas. The evidence shows that when he sent it to Pottsville to be entered, the first day of the term (March 4) had already passed, and that therefore it was his own neglect that it was not filed in time. Being too late for the entry of the appeal, under ordinary circumstances it was also too late for the issuing of a certiorari. This being the state of the case when the

transcript was brought to Pottsville, we think that the advice given by Mr. Seltzer, instead of misleading, was the best that could have been given, viz : that the defendant should endeavor to get the justice to open the judgment and grant a re-hearing. The evidence shows that application was made to the justice for that purpose, but the justice did not open the judgment, nor make any promise to that effect. Then the defendant, instead of issuing the certiorari, appears to have done nothing for a period of between two and three months. He lay quietly by until the 3d of June following, when he was spurred to action by the sharp prick of an execution which had been issued upon the 1st of June, and upon which a levy on his property was made. Then he took out his certiorari and stayed the proceedings.

Do not these facts establish such a case of *laches* on the part of the defendant as to deprive him of the benefit of any exception to the proceedings before the justice, either in the manner in which the return to the summons was made, or in the want of proper proof of the plaintiff's claim, or if any trick or fraud has been cited by the plaintiff, we are not without authority on this question, and it seems to rule the case completely ? Says Black, C. J., in Lacock *v.* White, 7 Harris 498, "a judgment obtained by any trick or fraud ought to be reversed, if the certiorari be taken within a reasonable time after it is discovered." And the same rule applies where there has been an improper service or even no service at all upon the defendant. He is allowed a reasonable time after the discovery of the proceedings and judgment, to issue his certiorari. And this reasonable time has been decided to be twenty days, in analogy to the time allowed to parties to enter an appeal or certiorari where parties have been regularly summoned. In Stedman *v.* Bradford, 3 Phila. Rep. 258, C. P., it is decided, "where a judgment has been given by a justice against a defendant, without summons or notice, a certiorari will be allowed, if applied for within a reasonable time, which has been held to be within twenty days after he first had knowledge of the judgment." The proviso of the 21st section of the act of 1810, declares "that no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter." And where the certiorari issues after twenty days, "in such case, the party must satisfy the court that his application was made within twenty days after the fact of the entry of the judgment had come to his knowledge." Daily *v.* Bartholomew, 1 Ash. 135 ; Brookfield *v.* Hill, 1 Phila. 439. As the defendant in this case was informed of the rendition of the judgment, upon the very day it was rendered by the plaintiff, to wit, on the 10th of February, 1872, according to his own testimony, and he did not take out his writ of certiorari until the 3d of June following, it is very evident that his neglect is fatal to his case. Nor do we think that he was misled, so as to suffer injury, by the advice he received, or that he has any one to blame but himself for the neglect to have the appeal entered or the certiorari issued in time.

This disposes of the first three exceptions. The last exception is to the execution—that the execution issued on the first of June, and that no return has been made by the constable to the execution, even though a levy had been made. But this exception is conclusively answered by the first, that the record shows that the certiorari was issued on the 3d of June following, and that this operated as a supersedeas to the execution, and that therefore no presumption of payment can arise.

However much we may be inclined to the opinion that the plaintiff took an unfair advantage of the defendant, in going before the justice and obtaining a judgment by default, under the circumstances, for the reasons already given, we think the defendant has lost his opportunity by his neglect, and that the proceedings must be affirmed.     Judgment affirmed.

*Wm. D. Seltzer*, Esq., for plaintiff; *F. W. Bechtel*, Esq., for defendant.